BOND v. LEMMON.†

(Court of Civil Appeals of Texas. April 1, 1911.)

PUBLIC LANDS (§ 176*)— GRANTS—DESCRIPTION—SUFFICIENCY.

Where plaintiff purchased from the state section 8, block M—15, certificate No. 99, issued to the Denison & Pacific Railway Company, an award to defendant, after an alleged forfeiture of "Sec. 6, block M—15, certificate No. 99, D. & P. Ry.," did not identify the land with sufficient certainty to convey title; it being necessary, in a grant of public lands, that the description be so definite on the face of the instrument evidencing the title, or by other writing referred to, that the land can be identified with reasonable certainty.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 571–575; Dec. Dig. § 176.*]

Appeal from District Court, Swisher County; L. S. Kinder, Judge.

Action by J. T. Lemmon against T. B. Bond. Judgment for plaintiff, and defendant appeals. Affirmed.

Luther Nickels and W. E. Spell, for appellant. Martin & Zimmerman, L. W. Dalton, and Wm. J. Berne, for appellee.

CONNER, C. J. Appellee instituted this suit June 19, 1908, to recover title and possession of state school section No. 8, block M—15, located and surveyed by virtue of certificate No. 99, issued to the Denison & Pacific Railway Company, consisting of 640 acres of land located in Swisher county. In addition to allegations usual in petitions of trespass to try title, the plaintiff specially

pleaded that on the 16th day of June, 1898, said tract of land had been awarded to him by the Commissioner of the General Land Office; that proof of occupancy was thereafter duly made; that all interest due the state had been paid on said land, and that the account therefor was in good standing in the State Treasurer's office up to the 28th day of October, 1907, when the sale of the land was forfeited by the Commissioner of the General Land Office of Texas for nonpayment of interest due November 1, 1906; that immediately upon hearing of said forfeiture he forwarded the interest due November 1, 1906,. which was accepted by the Commissioner of the General Land Office, and that the Commissioner informed him that the sale of his land had been reinstated about November 15, 1907; that all the interest due on said land for 1906 and 1907 had been paid prior to December 8, 1907; that notwithstanding these facts the Commissioner had wrongfully awarded and sold said land to appellant on the 11th day of April, 1908; that he had relied upon the representations of the Land Commissioner aforesaid, and made no further effort towards reinstatement until about the date of its sale to the defendant, Bond; that he was given no opportunity to purchase the land again, and had placed valuable improvements thereon. The defendant answered, among other things, that said land and the former sale thereof to plaintiff had been forfeited to the state in due form according to law for nonpayment of the interest thereon, and that the same was duly reclassified, advertised, sold, and awarded to appellant by the Commissioner of the General Land Office on the 3d day of December, 1907, and that he thereby acquired title to the same. Upon the issues thus made, a jury having been waived, the court rendered judgment for the plaintiff, awarding him the land in question, and vesting in him title to the same, to which action of the court the defendant duly excepted, and prosecutes this appeal.

Under the first assignment of error appellant presents nine different propositions, presenting the contention that the proof of plaintiff's title did not authorize the judgment in his favor; but we think each of these propositions answered by the agreement made upon the trial, which is as follows: "It is agreed by and between the parties hereto that unless the defendant, T. B. Bond, under the facts herein set out and under the facts admitted under the rulings of the court, is entitled to the land, the plaintiff, J. T. Lemmon, is so entitled to same." We need not, therefore, analyze the evidence for the purpose of determining the strength of appellee's title, as would be necessary in the absence of the agreement; appellee having been plaintiff.

This leaves for determination the single question of whether the court erred in rendering judgment against appellant upon the evidence submitted. The undisputed facts, in so far as they pertain to appellant's title, are that after the forfeiture of appellee's title, as alleged by him, the Commissioner of the General Land Office readvertised, or attempted to readvertise, the land for sale as required by law. Appellant thereafter made application for its purchase, and an award was made to him on December 3, 1907. The land as advertised for sale, however, by the Land Commissioner, and as applied for by appellant, and for which he gave his note and made cash payment, and as described in his obligation, and as awarded to him, was "section 6, block M,—15, certificate No. 99, D. & P. Ry." The land involved in this suit is "section 8, block M—15, certificate No. 99, Denison & Pacific Railway Company." It cannot be said as a matter of law that these several descriptions are identical, or even substantially the same. The evidence shows that there was a section 6 in block M—15 of the Denison & Pacific Railway Company surveys; but, if it be assumed that the "D. & P. Ry.," specified in the Commissioner's advertisement (of which, however, appellant offered no evidence) and in appellant's application and obligation, means the same as the "Denison & Pacific Railway Company," to which certificate No. 99 was issued, and by virtue of which section 8 was surveyed, it nevertheless appears that the certificate number of section 6 is No. 98, and we have no more authority for saying that the mistake, if any, in the Commissioner's advertisement and in appellant's application was in giving the survey or section number, as appellant insists, than we would have for saying that the mistake in these proceedings upon which appellant relies was in misstating the certificate number. It was said by Chief Justice Marshall in Chinoweth v. Haskell, 3 Pet. 96, 7 L. Ed. 614, that "It is an obvious principle that a grant must describe the land to be conveyed, and that the subject granted must be identified by the description given of it in the instrument itself." As has been often since determined, this description should be sufficiently definite and certain upon the face of the instrument evidencing the title, or by other writing referred to, that the land can be identified with reasonable certainty.

Upon the face of the proceedings upon which appellant relies there would seem to be no uncertainty. The description becomes uncertain, as appellant insists, because of the fact that under the law in force by virtue of which certificate No. 99 was issued (see act of January 30, 1854; Paschal's Digest, art. 4950), but two sections of land could be located by virtue of that certificate, the odd number of which became the property of the railway company and the even number became the property of the state for the benefit of the public free school fund, and that, therefore, there could not legally be a No. 6 surveyed by virtue of certificate No.

99; it otherwise appearing that sections 7 and 8 of block M—15, Swisher county, had been surveyed by virtue of that certificate. But the same reasoning with equal force would sustain the contention that the Commissioner's mistake in advertising was in giving the certificate No. 99, instead of certificate No. 98, by virtue of which section 6 was in fact located. If the descriptions upon which appellant relies be treated as latent ambiguities, and properly susceptible of parol proof to explain them, we have no such proof; for the Commissioner did not testify upon the subject, and it cannot be said as matter of law that the certificate rather than the survey number should be given controlling effect.

We conclude that the muniments of appellant's title do not identify the land in controversy with the required certainty, and therefore that it cannot be said that the court erred in its judgment.

There being no assignment raising any other question than that above discussed, it is ordered that the judgment be affirmed.